THOMPSON, Presiding Judge,
concurring in case nos. 2121019 and 2121020 and dissenting in case no. 2121021.
I dissent to that portion of the main opinion reversing the judgment at issue in case no. 2121021, which terminated the mother’s parental rights to the son.
In those cases in which either this court or our supreme court has found that the status quo is a viable alternative to the termination of parental rights, the parént whose parental rights are at issue has been demonstrably progressing toward rehabilitation and stability such that reunification -with his or her child is foreseeable. For example, in Ex parte A.S., 73 So.Sd 1223, 1229-30 (Ala.2011), the evidence indicated that, although she was in prison, the mother in that case was receiving treatment for kleptomania, had maintained limited contact with the child through telephone calls, and had provided a small amount of support for the child while the child was in the grandmother’s custody. The Alabama Department of Corrections indicated that the mother could be released from prison as early as four months from the date of the opinion, although she could remain in prison for up to five additional years. Id. at 1227. Our supreme court held that allowing the child to remain in the custody of the grandmother and allowing the grandmother to determine and supervise the mother’s visitation while the mother was making progress toward rehabilitation was a viable alternative to termination of the mother’s parental rights. Id. at 1229-30.
Similarly, in K.J. v. S.P., 78 So.3d 994, 997 (Ala.Civ.App.2011), this court determined that the trial court had erred in terminating the parental rights of the mother in that case, noting that the evidence indicated that, at the time of the termination hearing, the mother had been attending counseling, had found employment, and was engaged to be married. Evidence indicating that the mother was “moving in the direction of stability,” coupled with the fact that the child had been removed from the mother’s custody only nine months before the termination judgment was entered, led this court to conclude that termination of the mother’s parental rights was premature. Id. See also J.R.L. v. M.B., 86 So.3d 398, 404 (Ala.Civ.App.2011) (holding that the trial court had erred in terminating parental rights of the mother who was making progress toward rehabilitation and who regularly visited the child, who was in the custody of family friends, because maintaining status quo was a viable alternative to terminating the mother’s parental rights “while the mother continues to make progress toward rehabilitation”); and S.M.M. v. R.S.M., 83 So.3d 572 (Ala.Civ.App.2011) (holding that maintaining the status quo was a viable alternative to termination of the mother’s parental rights when she was making progress, the child was in the father’s custody, and the father had complete discretion over the mother’s visitation, which adequately protected the child’s welfare).
In reviewing the record in this case, however, I see no evidence indicating that the mother was making progress toward the goals the Limestone County Department of Human Resources had set for her. The mother herself agreed that she had not adjusted her circumstances to meet the needs of the children. Because there is no evidence indicating that the mother’s circumstances or her ability to care for the son will ever improve, I do not believe that maintaining the status quo indefinitely is a viable alternative to termination of the *1175 mother’s parental rights. Accordingly, I would affirm the trial court’s judgment terminating the mother’s parental rights to the son.
I concur with the remainder of the opinion.
PITTMAN, J., concurs.